IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-787-FL

| | | |
|---|---|---|
| JONATHAN JAMAIRE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 26, 28), and on plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (DE 36).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, issued memorandum and recommendation ("M&R") regarding the parties' cross motions for judgment on the pleadings recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed (DE 34). Plaintiff timely filed objections to the M&R to which defendant responded. After filing his objections plaintiff filed the instant motion to remand, to which defendant responded and plaintiff replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court GRANTS plaintiff's motion to remand and therefore DENIES WITHOUT PREJUDICE the parties' motions for judgment on the pleadings, and DECLINES to adopt the M&R.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits ("DIB") on October 15, 2009, alleging that he became unable to work on March 28, 2006. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated November 18, 2011. The Appeals Council ("AC") denied plaintiff's request for review on October 10, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on December 7, 2012, for review of the final administrative decision. After being granted an extension of time in which to file their motions for judgment on the pleadings, the parties filed said motions on May 16, 2013, and July 10, 2013. These motions were referred to Magistrate Judge William A. Webb for M&R, which was entered March 17, 2014, recommending that defendant's motion for judgment on the pleadings be granted. Plaintiff filed his objections to the M&R on April 3, 2014. Then, on April 4, 2014, plaintiff filed the instant motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) based upon new evidence.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). However, under sentence six of 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

B.  Analysis

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in substantial gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: status post aneurysm, seizure disorder, cognitive disorder, and a mood disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual

3

functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: he should avoid even moderate exposure to hazards, no balancing, and no driving an automobile. The ALJ also found that plaintiff was limited to simple, routine, and repetitive work, that he could maintain concentration for two-hour intervals, with only routine changes and a non-production work setting. At step four the ALJ determined that plaintiff could not perform his past relevant work, but found at step five that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

      1.     Motion to Remand

As noted above, pursuant to sentence six of 42 U.S.C. § 405(g) a remand for further proceedings is appropriate where a showing of new, material evidence is made, and good cause is shown for not previously introducing such evidence. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Sec'y, Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Moreover, the new evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The new evidence need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987). A court remanding pursuant to sentence six "does not rule in any way as to the correctness of the administrative determination," but rather remands to allow to consider whether the new and material evidence would change the

4

outcome.  Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

In this case, plaintiff seeks to remand based upon medical records from visits to Wake Medical Center in March of 2013 and June of 2013 due to seizures plaintiff experienced.  See Mem. Supp. Pl's. Mot. to Remand Exs. 1 and 2.  Both exhibits document CT scans establishing plaintiff has encephalomalacia.  Plaintiff states that encephalomalacia is a condition "'characterized by localized softening of brain tissues due to inflammation or hemorrhage.'"  Pl's. Mem. Supp. Mot. to Remand 8, n. 8 (quoting www.hxbenefit.com).  Plaintiff lists the common symptoms of encephalomalacia as including "'extreme drowsiness . . . lack of movement coordination . . . memory problems . . . [and] confusion.'"  Id. at 9 (quoting www.medicalcontent.hubpages.com).

This evidence is new and plaintiff had good cause for failing to incorporate the subsequent decision into the record in the first proceeding, given that these hospitalizations did not occur until March and June of 2013, and the Commissioner's decision became final when the AC denied review on October 10, 2012.[2]  This evidence is also relevant to a determination of whether the claimant was disabled during the relevant time period.  Although prior CT scans of plaintiff's brain did not show encephalomalacia, plaintiff's last scan was on January 2, 2006, nearly six years prior to the ALJ's decision.  See R. 426.  Thus, a finder of fact could infer that plaintiff began suffering from encephalomalacia at some date during the relevant period.

Finally, this evidence is material in that there is a reasonable possibility it would have changed the outcome of the prior proceedings.  See Wilkins, 953 F.2d at 96.  As part of her decision,

---

[2] Moreover, defendant's assertion that plaintiff has waived use of this evidence in proceedings before this court by not presenting it in his motion for judgment on the pleadings also fails.  The June 2013 hospitalization had not yet occurred when plaintiff filed his motion for judgment on the pleadings, and plaintiff has explained that the records from the March 2013 hospitalization were not available to him when he filed his motion.  Further, every case cited by defendant in its argument dealt not with a failure to timely introduce new evidence, but rather with failure to raise legal arguments.

5

the ALJ gave "little weight" to the opinion of Dr. Thomas Bundick. See R. 28. Dr. Bundick opined that plaintiff had marked limitations:

> [1] in his ability to understand and remember detailed instructions due to a combination of language, mental speed, and memory impairments . . . [2] in ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods due to mental slowness, fatigue, expressive language difficulties, and impaired concentration . . . [and 3] in ability to respond appropriately to changes in the work setting [due to] mental slowness, fatigue, expressive language difficulties, and impaired concentration."

R. 674. The ALJ found this opinion was not consistent with the record based in part upon evidence of plaintiff's work and other activities, but also in part upon the fact that plaintiff has not reported cognitive issues to physicians. Plaintiff contends that a diagnosis of encephalomalacia would bolster Dr. Bundick's opinion as to plaintiff's limitations where these limitations correspond to symptoms of encephalomalacia. Thus, there is a reasonable possibility that the ALJ may have found plaintiff was disabled based upon this subsequent evidence. Accordingly, plaintiff's motion to remand is granted.

2. Plaintiff's Objections to the M&R

Where the court remands this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), the court denies without prejudice the parties' motions for judgment on the pleadings. Accordingly, the court declines to adopt the M&R and does not consider plaintiff's objections thereto at this time.

**CONCLUSION**

Based upon the foregoing, the court GRANTS plaintiff's motion to remand (DE 36) and REMANDS to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) in accordance with

the above order. Following remand, the Commissioner must return to this Court to file any additional or modified findings and any transcript of additional record upon which the modification or affirmance of the prior decision is based, pursuant to sentence six of 42 U.S.C. § 405(g).

The court DECLINES to adopt the M&R (DE 34), and DENIES WITHOUT PREJUDICE the parties' motions for judgment on the pleadings (DE 26, 28).

SO ORDERED this the 2nd day of July, 2014.

LOUISE W. FLANAGAN
United States District Judge