IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:12-CV-787-FL

| | |
|---|---|
| JONATHAN JAMAIRE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion for attorney's fees (DE 52) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Defendant has responded in opposition and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is denied.

## BACKGROUND

Plaintiff commenced the instant matter on December 7, 2012, by motion to proceed in forma pauperis, with proposed complaint seeking judicial review of the denial of his application for supplemental security income and disability insurance benefits. On February 15, 2013, defendant filed an answer seeking affirmance of the decision complained of. The court's scheduling order directed plaintiff to file by April 15, 2013, "a motion for a judgment reversing or modifying the decision of the Commissioner, or remanding the case for a rehearing." (DE 23 at 1). After an extension of time, plaintiff filed on May 16, 2013, a motion for judgment on the pleadings. Defendant filed a cross motion for judgment on the pleadings on July 10, 2013.

Thereafter, the court referred the matter to U.S. Magistrate Judge William A. Webb, for a memorandum and recommendation ("M&R") on the cross motions for judgment as a matter of law. On March 17, 2014, Judge Webb entered M&R recommending that plaintiff's motion for judgment on the pleadings be denied, defendant's motion be granted, and the final decision of the Commissioner be affirmed. Plaintiff timely filed objections to the M&R on April 3, 2014. On April 4, 2014, plaintiff also filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g), accompanied by a memorandum in support thereof. Defendant filed a response to the objection and a response in opposition to the motion to remand. Plaintiff filed a replies to both.

On July 2, 2014, the court declined to adopt the M&R and denied without prejudice the parties' motions for judgment on the pleadings. The court granted plaintiff's motion to remand and remanded the matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). On February 22, 2016, defendant filed a consent motion for judgment based upon a fully favorable decision to plaintiff. The court granted the motion that day and judgment was entered in favor of plaintiff. After plaintiff was allowed three motions for extension of time, plaintiff filed the instant motion for attorney's fees.

## DISCUSSION

A.   Standard of Review

The Equal Access to Justice Act ("EAJA"), provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

2

> jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not substantially justified</u>. Whether or not the position of the United States was <u>substantially justified</u> shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

<u>Id.</u> § 2412(d)(1)(B) (emphasized). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." <u>Id.</u> § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statue, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." <u>Id.</u> at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" <u>Id.</u> at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." <u>Id.</u> "The United States has the burden of showing that its position was substantially justified." <u>United States v. 515 Granby, LLC</u>, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a

3

stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.  Analysis

The government asserts that it was substantially justified both in opposing plaintiff's motion for judgment on the pleadings and in opposing plaintiff's motion for remand. The court agrees.

First, with respect to the government's opposition to plaintiff's motion for judgment on the pleadings, the government raised reasonable arguments supported by the record and case law existing at the time in support of affirming the decision of the Commissioner. The court is guided in assessment of such arguments by the M&R entered by Judge Webb, which rejected plaintiff's arguments in support of judgment on the pleadings. Where this court did not address plaintiff's objections to the M&R upon granting plaintiff's motion to remand, the M&R provides a singular objective basis for finding the government's position substantially justified, even if reasonable jurists could disagree with the recommendation in the M&R. See Clay Printing, 13 F.3d at 815.

Plaintiff argues that the government's opposition was not substantially justified because the ALJ "failed to consider a reference to over 506 pages of medical records from Duke University[.]" (DE 55). The government, however, offered a thorough and reasonable basis for rejecting this argument:

> Plaintiff concedes that the 507 pages of post-hearing evidence relate exclusively to the period before his alleged onset date and concern only Plaintiff's 2004 brain

4

> surgery and the initial recovery period, not the period following his alleged onset
> date two years later (Plaintiff's Brief at 16). Defendant notes that the ALJ's decision
> clearly considered the history of Plaintiff's condition, including his past brain
> surgery and the resulting onset of seizures (Tr. 23-26). The ALJ acknowledged
> Plaintiff's aneurysm, finding both 'status post aneurysm' and the resulting seizure
> disorder were severe impairments (Tr. 23). Any allegation that the ALJ did not
> consider the past history of Plaintiff's impairments is unfounded. While Plaintiff
> argues that these records document the bases for his alleged impairments, they shed
> absolutely no light on the progression of and limitations resulting from his
> impairments following his alleged onset date. At the end of the recovery period
> documented by these records, Plaintiff's neurologist noted that he had made a full
> and 'remarkable' recovery, and was doing 'amazingly well' with normal speech,
> normal language functions, and normal higher cortical functions (Tr. 491). Despite
> Plaintiff's argument that these records establish 'definitive proof' of his disability,
> they merely document the existence of an aneurysm and surgery to repair the
> condition, both of which the ALJ explicitly acknowledged and considered in his
> decision (Tr. 23-29).

(DE 29 at 10-11). The government offered equally thorough arguments in opposition to plaintiff's remaining points of error, and the M&R determined that plaintiff's points of error were without merit. Accordingly, in light of the government's reasonable litigating position in opposing plaintiff's points of error, coupled with the M&R's acceptance of the government's position on such points, the government has met its burden of demonstrating that its litigating position was substantially justified in opposing plaintiff's motion for judgment on the pleadings.

The court turns next to consideration of the government's position in opposing plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). The government asserts that it advanced two reasonable arguments in opposition to the motion to remand. First, the government argued that the motion to remand was untimely. While the court rejected some aspects of the government's timeliness arguments (DE 42 at 5 n. 2), the court agrees with the government that the argument was a reasonable one to make in opposition to the motion to remand. The court's scheduling order directed plaintiff to file in 2013 "a motion for a judgment reversing or modifying

5

the decision of the Commissioner, or remanding the case for a rehearing." (DE 23 at 1). It is not unreasonable to interpret this order as precluding a remand motion filed out of time. Moreover, the government identified a lack of diligence on the part of plaintiff in identifying evidence in support of remand. (DE 39 at 4-5). While the court rejected the government's waiver argument, the court noted no case law directly on point addressing this issue. (DE 42 at 5 n.2). Accordingly, the government reasonably opposed the motion to remand on the basis of untimeliness.

Second, the government advanced a reasonable position on the merits in opposition to the motion to remand, arguing that the evidence presented did not relate back to the period prior to the ALJ's decision. The government based its argument on this court's precedent that a "plaintiff must do more than simply submit medical records, since 'subsequently-generated records, standing alone, are insufficient to satisfy the materiality requirement.'" Kennedy v. Astrue, No. 5:08-cv-11-FL, 2009 WL 605315, *9 (E.D.N.C. Mar. 9, 2009). The record also provided some support for the government's argument that the new evidence showed only a worsening of plaintiff's condition, in light of plaintiff's admission that his condition had "now worsened." (DE 39). For example, the government pointed to substantial evidence that "[t]he medical evidence of record plainly contradicts Plaintiff's argument, show[ing] that he made a 'remarkable' recovery following his initial surgery (Tr. 491)."

The court ultimately rejected this argument, concluding that "a finder of fact could infer that plaintiff began suffering from encepholamolacia at some date during the relevant time period." (DE 42 at 5). Nevertheless, while the court ultimately rejected the government's arguments, the government has demonstrated that there was "a genuine dispute" as to the correctness of its arguments. Pierce, 487 U.S. at 565. Its arguments were reasonable interpretations of the existing

6

law and the record of the case, providing appropriate adversarial testing of the issues raised by the remand motion. An award of EAJA fees in this instance improperly would "impair[] the vigor and flexibility of its litigating position." Crawford v. Sullivan, 935 F.2d 655, 659 (4th Cir. 1991).

In sum, the government has demonstrated that it was substantially justified in its litigating positions in this case, both in moving for judgment on the pleadings and in opposing plaintiff's motion for remand. Therefore, an award of EAJA fees is not warranted.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA is DENIED. SO ORDERED, this the 4th day of October, 2016.

              _____
              LOUISE W. FLANAGAN
              United States District Judge

7

Case 5:12-cv-00787-FL   Document 56   Filed 10/04/16   Page 7 of 7