IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-787-FL

| | | |
|---|---|---|
| JONATHAN JAMAIRE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (DE 57). Defendant responded in opposition and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff commenced this action on December 7, 2012, for judicial review of defendant's decision denying Social Security benefits to plaintiff. The parties filed cross-motions for judgment on the pleadings. The matter was referred to a magistrate judge, who recommended affirming defendant's decision in a memorandum and recommendation (M&R) entered March 17, 2014. Plaintiff timely filed objections to the M&R and moved to remand the case. Upon de novo review, on July 2, 2014, this court rejected the M&R, granted plaintiff's motion to remand, and returned the case to defendant for further proceedings. On February 22, 2016, the court entered consent judgment in favor of plaintiff, recognizing that the administrative law judge rendered a favorable decision to plaintiff on June 16, 2015, that neither party contested.

After several extensions of time, plaintiff sought attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on the basis that the position of the United States in litigation was not substantially justified. Plaintiff sought $13,970.57 in attorney's fees for a total of 76.1 hours as well as $1,737.45 in expenses and advances. Defendant opposed the motion. On October 4, 2016, the court denied plaintiff's EAJA motion, concluding the government's litigation position was substantially justified.

Plaintiff filed the instant motion for attorney's fees on September 2, 2019, seeking to recover $19,178.08, representing 25% of past due disability benefits successfully awarded following further administrative proceedings. In support of the motion, plaintiff has filed a detailed memorandum of law; an affirmation of counsel; contingency-fee agreement between counsel and plaintiff for administrative proceedings; itemization of hours; and several notices of award of benefits.

In opposition, defendant argues that the instant motion is untimely and should be dismissed on that basis. Alternatively, defendant neither supports nor opposes the instant motion, but notes that the contingent fee agreement between plaintiff and counsel does not cover proceedings in this court, and the reasonableness of the award is for the court to determine. In reply, counsel asks the court excuse the untimeliness of the motion and award the full amount of fees requested.

**DISCUSSION**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). Local Civil Rule 7.1(d), which went into effect December 1, 2016,

provides that "[a]ny motion for attorney's fees under 42 U.S.C. §[] 406(b) . . . shall be filed within 65 days after the date of the last notice of award necessary to accurately calculate the total amount of retroactive benefits, unless extended by consent or order."

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012); see also Williams v. Barnhart, 481 F. Supp. 2d 482, 482–83 (D.S.C. 2007) (holding a §406(b) motion filed over three years after attorney received notice of benefits awarded "untimely under any possible standard").

In the instant case, plaintiff's counsel relies on notices of benefits dated August 22, 2015, January 26, 2016, and October 10, 2016. Plaintiff's counsel was thus obligated to file her § 406(b) motion not later than December 14, 2016. Counsel filed the instant § 406(b) motion on September 2, 2019. Therefore, counsel filed her motion two years, eight months, and 19 days out of time, which time span is significantly in excess of the 65 day time period provided for filing such a motion under Local Rule 7.1(d). This excessive delay in filing the motion also precludes a finding of good cause and diligence on the part of counsel.

Counsel asserts that Local Rule 7.1(d) was revised during the summer of 2016 while she was on medical leave, and thus she was unaware of the time limit imposed by the rule. Counsel's neglect is inexcusable. Local Rule 7.1(d) went into effect two years, nine months, and one day prior to counsel filing her motion. Counsel did not even address the substantial untimeliness of her motion until after defendant pointed out Local Rule 7.1(d) in its response. Where counsel has

failed to demonstrate good cause warrants an extension of time for the court to consider counsel's motion for attorney's fees, the motion is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees (DE 57) is DENIED.

SO ORDERED, this the 12th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge